UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00582-MOC

| | |
|---|---|
| LARRY M. STILES, Trustee in Bankruptcy for DANIEL PAUL HEALY AND JILL MICHELLE HEALY, <br><br>           Plaintiffs,<br><br>Vs.<br><br>BRIAN T. BAIN, THE BAIN GROUP, PLLC, and THE BAIN GROUP, LLC,<br><br>           Defendants. | ORDER |

**THIS MATTER** is before the court on Defendant Brain T. Bain, The Bain Group, PLLC, and The Bain Group, LLC's (collectively "Bain" or "Defendants") "Motion to Withdraw the Reference and Memorandum in Support" (#1). Also before the court is a proposed order submitted by counsel of record in this case via CyberClerk on January 7, 2016. While the court is aware that it is customary in the Bankruptcy Court of this district to submit such orders to chambers without making a motion, the Local Rules in district court require all requests for relief to be made by motion filed in ECF. See LCvR 7.1. Despite noncompliance with the rule in this instance, the court will construe the proposed order, titled "Consent Order Granting Motion to Withdraw the Reference" as a Joint Motion to Withdraw the Reference and will direct the Clerk of Court to file it in the record as such.

-1-

**I.     Factual and Procedural Background**

Larry M. Stiles, Trustee in Bankruptcy for Daniel Paul Healy and Jill Michelle Healy ("Stiles") initiated this adversary proceeding against Bain in the United States Bankruptcy Court for the Western District of North Carolina (Adv. Proc. No. 15-03160), asserting three causes of action: breach of fiduciary duty, legal malpractice and negligence. See (Complaint, Bankr. Doc. No. 1). Bain moved to withdraw the reference of the adversary proceeding, see (Bankr. Doc. No. 7), and the Bankruptcy Court transmitted the Motion to this Court for consideration in accordance with Rule 5011(a) of the Federal Rules of Bankruptcy Procedure. By the proposed order that the court will consider a consent motion to withdraw, the parties have both indicated that they believe the relief requested by Bain is appropriate.

**II.    Legal Standards**

Federal district courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. § 1334(a), (b). Section 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court, which by standing order, this district has done. 28 U.S.C. § 157(d) empowers a district court to withdraw a proceeding from the bankruptcy court on its own motion or on timely motion of any party and to have the proceeding heard in the district court if there is "cause shown" for the removal. Additionally, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). This court has previously noted:

> Although "cause" is not defined by statute, courts in this circuit have consistently recognized several factors that govern whether discretionary withdrawal should be granted: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process

and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and, (6) the preservation of the right to a jury trial.

Blue Cross & Blue Shield of N. Carolina v. Jemsek Clinic, P.A., 506 B.R. 694, 697 (W.D.N.C. 2014) (citing In re QSM, LLC, 453 B.R. 807, 810 (E.D.Va. 2011)). Regarding consent to jury trial, 28 U.S.C. § 157(e) provides that consent is required from the parties for a jury trial to be held in bankruptcy court: "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." Id.

### III.    Discussion

Here, Bain has not consented to final rulings by the Bankruptcy Court in the adversary proceeding. In addition, Bain is entitled to demand and has demanded a jury trial. The Bankruptcy Code and Bankruptcy Rules allow bankruptcy courts to conduct jury trials in certain matters only with the express consent of all parties, 28 U.S.C. § 157(e). Therefore, withdrawal of the reference is appropriate and will be more efficient for the courts and the parties. See, e.g., In re ESA Envtl. Specialists, Inc., No. 07-31532, 2010 WL 324412, at *1 (W.D.N.C. Jan. 20, 2010) ("Because Bender does not consent to the jurisdiction of the bankruptcy court for purposes of adjudicating these issues, cause exists to withdraw the reference." (citing 28 U.S.C. § 157(e); In re Clay, 35 F.3d 190, 191, 198 (5th Cir. 1994); In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993)).

Having considered the applicable legal authority, and in light of the fact that both parties agree that withdrawal of this matter is appropriate, the court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court place into the docket the parties' proposed "Consent Order Granting Motion to Withdraw the Reference," as a Joint Motion to Withdraw the Reference.

**IT IS FURTHER ORDERED** that Defendants' Motion to Withdraw the Reference (#1) and the parties' Joint Motion to Withdraw the Reference are **GRANTED**.

**IT IS FURTHER ORDERED** Pursuant to Fed. R. Bankr. P. 5011 and 28 U.S.C. § 157(d), Adversary Proceeding No. 15-03160 to the United States Bankruptcy Court for the Western District of North Carolina is **WITHDRAWN**, and this Court hereby assumes jurisdiction over the proceeding for all purposes.

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the Bankruptcy Court and that the Bankruptcy Clerk thereafter transmit the record in Bankruptcy Court to this court so that all documents and outstanding motions are properly in the record.

**IT IS FURTHER ORDERED** that the Clerk of Court assign a magistrate judge to this matter.

Signed: January 11, 2016

*[Signature]*

Max O. Cogburn Jr.
United States District Judge